MIRIAM SCHWARTZ, Plaintiff, *v.* NATHAN E. SCHWARTZ, Defendant.

Supreme Court, Special Term, Bronx County, December 27, 1966.

*Parker, Duryee, Zunino, Malone & Carter* (*Vincent J. Malone* and *Walter F. Bottger* of counsel), for plaintiff. *Morris P. Cohen, Gilbert S. Rosenthal* and *William Herman* for defendant.

OWEN McGIVERN, J. The plaintiff wife brings suit for separation based on alleged abandonment and nonsupport. The defendant husband pleads the pendency of an appeal by the plaintiff from a judgment in a prior action wherein her complaint was dismissed; also interposed is a plea of *res judicata.*

The facts are as follows: The parties were married on March 18, 1956. They lived together, with sporadic absences by the plaintiff, until October 29, 1957, at which time the plaintiff left the marital abode.

In 1958, the plaintiff instituted a separation action in the Supreme Court, County of Rensselaer, alleging nonsupport, abandonment and cruelty. The defendant counterclaimed for separation based on abandonment. After a trial in October of 1961, both the complaint and counterclaim were dismissed in an opinion dated May 28, 1962, and judgment was entered thereon on July 11, 1962. Thereafter, on July 27, 1962, the plaintiff filed a notice of appeal; the appeal was never perfected and ultimately was discontinued and dismissed on October 3, 1966.

It is admitted that the defendant has not contributed to the support of the plaintiff except that he paid her the sum of $35 per week, pursuant to court order, from March of 1959 to June of 1962.

The plaintiff, at the trial before this court, claimed a bona fide offer to return in August of 1962 and again in March of 1964, plus the writing of letters and the making of phone calls, intent on a similar purpose. The court credits the sincerity of these offers to return, particularly on the occasion of the first of the two visits wherein she was accompanied by her Rabbi. However, the defendant husband contends that as a matter of law there can be no valid offer to return while an appeal is pending from a previous court disposition.

This court can find no authority to support the legalistic contention of the defendant that the pendency of an appeal negates the good faith of an offer to return. It may call for careful scrutiny but it is not inconsistent per se. The continuance of a meritorious appeal may well be justified if an offer to return is rejected out of hand. In the instant case, the court accepts the offer to return, not as a strategem in a lawsuit, but as a bona fide step towards conciliation.

This court further finds that the contention of the defendant that the incurring of bills by the plaintiff constituted actionable misconduct has already been disposed of in the prior action and cannot be reconsidered.

Accordingly, since the marriage of the parties still subsisted during all these years, the husband's obligation to support his wife has continued. (*Brownstein* v. *Brownstein*, 25 A D 2d 205; *St. Germain* v. *St. Germain*, 25 A D 2d 452.)

Thus, the court directs judgment of separation to plaintiff and awards the plaintiff the sum of $30 per week, from October 31, 1966. This sum is moderate, in view of the short duration of the marital relationship, the absence of children, the fact that plaintiff has an earning capacity of her own, the declining fortunes of the defendant, now past his prime, and the failure to establish any standard of living.

Her attorney is awarded the sum of $600, one half payable within 20 days after service of a copy of the judgment to be entered herein with notice of entry, and the balance 20 days thereafter. Settle judgment and findings.